# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| TROY LUCAS and JACKIE LUCAS,<br><br>　　　　　　　　Plaintiffs,<br>vs.<br><br>BT-OH LLC, MONTBILL INC., and<br>JOHN DOES 1-10,<br><br>　　　　　　　　Defendants. | CV-16-12-BU-BMM<br><br>**PROTECTIVE ORDER** |

Defendant BT-OH LLC (BT-OH) has moved for an Order directing Dr. Jeffrey Cory, Ph.D. to produce to counsel a complete copy of Plaintiff Troy Lucas's medical records, including the testing materials and raw data from any and all neuropsychological tests performed on Mr. Lucas. BT-OH has also moved for the issuance of a Protective Order regarding the production of Dr. Cory's file. Plaintiffs do not oppose BT-OH's motion. (Doc. 16 at 2). Dr. Cory does not oppose BT-OH's motion to the extent it seeks a Protective Order. (Doc. 17 at 1). Dr. Cory does oppose BT-OH's motion, however, to the extent it seeks the production of raw neuropsychological test data to counsel. *Id.* The Court conducted a hearing on BT-OH's motion on January 19, 2017. For the reasons discussed in open court,

IT IS ORDERED:

1. Defendant BT-OH's Motion for Protective Order (Doc. 13) is GRANTED.

2. Dr. Cory shall produce to Plaintiff's counsel a complete copy of Troy Lucas's medical records, including the testing materials and raw data from any and all neuropsychological tests performed on Troy Lucas.

3. To ensure and protect against the unfettered public disclosure of confidential or proprietary information, any documents produced by Dr. Cory in response to this Order, other than Dr. Cory's treatment records and reports, shall be governed by the following terms and conditions:

   a. Upon receipt of the responsive materials from Dr. Cory, Plaintiffs's counsel shall assign an identification number to the materials, and shall mark/stamp each document "Confidential" (hereinafter referred to as "Confidential Materials");

   b. The Confidential Materials may be used only for purposes of this litigation. Such materials shall not be used for any other purpose, including disclosure to the public or media, use for any business or commercial purpose, or use in any other litigation or proceeding. The

foregoing shall not apply to discovery materials that properly become part of the public record;

c. The Confidential Materials may not be disseminated, disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person except the following "Authorized Persons:"

    (i) Counsel for the parties, and the paralegals, secretaries, employees, and service vendors of such counsel (such as outside copying services and outside litigation support services) who are assisting in the preparation and trial of this action;

    (ii) Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

    (iii) Experts or consultants necessary to assist counsel for the parties, and secretaries, employees, and service vendors of such experts or consultants (such as outside copying services and outside support services) who are assisting in the preparation and trial of this action, provided that such expert or consultant is

using said Confidential Materials solely in connection with this action;

(iv) Witnesses or deponents and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this action;

(v) The parties themselves;

(vi) The Court, persons employed by the Court, and court reporters/videographers transcribing or recording any hearing, trial, or deposition in this action, or any appeal therefrom;

(vii) Every person to whom Confidential Materials are disclosed, summarized, described, or otherwise communicated or made available in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential Materials, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

d. The obligation to prevent the unauthorized disclosure of these

Confidential Materials shall continue after the completion of this litigation, including any related appeal. BT-OH and BT-OH's experts/consultants shall destroy the Confidential Materials upon resolution of this action, whether by summary order, settlement, trial, or final appeal.

e. This Order shall have no effect upon and shall not apply to Dr. Cory's use of the materials.

DATED this 23rd day of January, 2017.

_____
Brian Morris
United States District Court Judge